**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

**JS-6**

Case No.   EDCV 08-1159-VAP (JWJx)                    Date:  October 30, 2008

Title:     MITCH WHALEY, et al. *-v-* WILLIAM J. KENNEDY, et al.
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                None Present
    Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR                   ATTORNEYS PRESENT FOR
PLAINTIFFS:                             DEFENDANTS:

    None                                        None

PROCEEDINGS:      MINUTE ORDER GRANTING MOTION FOR REMAND (IN CHAMBERS)

     The Court has received and considered all papers filed in support of and in opposition to Plaintiffs' Motion to Remand ("Motion").  The matter is appropriate for resolution without oral argument pursuant to Local Rule 7-15.  The hearing on the Motion, currently set for November 3, 2008 at 10:00 a.m. is VACATED.  The Applications to Continue to Hearing, to Reschedule the Scheduling Conference, and to Applear Telephonically, are all DENIED AS MOOT.

     The parties dispute whether remand is appropriate in this case.  Defendants Courtesy Automotive Center and Courtesy Chevrolet Cadillac Suzuki filed a "Notice of Removal" on August 27, 2008.  Defendants Judith Roderick, Kenneth L. Reiswig, Effie Reiswig, The Silver Trumpets, and Duane Johnson, as representative of Rita I. Johnson, filed a "Notice of Defendants' Joinder in Removal," on September 24,

EDCV 08-1159-VAP (JWJx)
MITCH WHALEY, et al. v WILLIAM J. KENNEDY, et al.
MINUTE ORDER of October 30, 2008

2008.

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  All defendants must join in a removal petition.  See 28 U.S.C. § 1446(a); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1314 (9th Cir. 1981).

    Plaintiffs argue that all Defendants did not join in the removal of the case to the District Court at the time the case was removed.  Defendants Judith Roderick, Kenneth L. Reiswig, Effie Reiswig, The Silver Trumpets, and Duane Johnson, as representative of Rita I. Johnson, argue their joinder notice sufficiently demonstrates their assent to the removal of the action.

    Although Plaintiffs have failed to provide the Court with the appropriate Proofs of Service, Plaintiffs' Declaration of I. Donald Weissman does put forward the dates of service for each Defendant.  That declaration demonstrates that more Defendants than the Defendants currently opposing the Motion to Remand have been served in this action, namely Peter Kim d/b/a SKM Debt Services and Susan W. Kim d/b/a SKM Debt Services, Darryl Lebarthe, Ben Wells aka Benjamin Wells, William J. Kennedy, and Jerome Cook.[1]  (See Weissman Decl. at ¶¶ 8, 9, 10, 11, 12, 14.)  In fact, Defendants William J. Kennedy and Jerome Cook have answered Plaintiffs' Complaint in state court.  (See id. at ¶¶ 11, 12.)  This demonstrates that not all

---

[1] The Court will not consider, for purposes of this Motion, the service of Defendants beyond the 120 day limit for serving the Complaint as required by Federal Rule of Civil Procedure 4(m).  The Court notes that Nichole Klausner was served on September 20, 2008; that date of service is beyond the 120 day limit because the Complaint was filed on April 30, 2008.  (See Weissman Decl. at ¶ 14.)

EDCV 08-1159-VAP (JWJx)
MITCH WHALEY, et al. v WILLIAM J. KENNEDY, et al.
MINUTE ORDER of October 30, 2008

Defendants who have been served, and who had been served at the time of removal, join in the removal of the case to District Court.  See 28 U.S.C. § 1446(a); Hewitt, 798 F.2d at 1232; Ely Valley Mines, Inc., 644 F.2d at 1314.

    Plaintiffs' Motion to Remand is GRANTED.  Accordingly, the Court REMANDS the action to the Superior Court of San Bernardino County.

    **IT IS SO ORDERED.**